UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Oliver Thomas

   v.                                                    Civil No. 16-cv-012-SM

Joey Paul and M. Vigneault[1]

**REPORT AND RECOMMENDATION**

Plaintiff Oliver Thomas, an inmate currently held in solitary confinement in the Special Housing Unit ("SHU") at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin"), has asserted claims of violations of his rights relating to his working conditions in the prison laundry, and his loss of that job in 2014. On August 10, 2016, the magistrate judge issued a Report and Recommendation (doc. no. 23) ("August 10 R&R"), recommending that the district judge deny plaintiff Oliver Thomas's request for a preliminary injunction, which was set forth in Document Nos. 12, 18, and 19.

Before the court are two recent filings docketed in this case since the issuance of the August 10 R&R: Thomas's August 17, 2016, letter to the presiding judge (doc. no. 28), which the

---

[1]The remaining defendants named in the complaint (doc. no. 1) have been dropped as parties, and all claims against them have been dismissed. See July 13, 2016, Order (doc. no. 11).

court construes as a motion (hereinafter "Motion"), through which Thomas seeks to supplement the record relating to the claims underlying his request for a preliminary injunction; and Thomas's objection (doc. no. 30) to the August 10 R&R.  The district judge has referred the Motion (doc. no. 28) to the magistrate judge for a report and recommendation as to disposition.[2]  See Aug. 23, 2016, Order.  To simplify, clarify, and correct the record in this case, the undersigned magistrate judge has issued an Order this date vacating the August 10 R&R, and substituting this R&R, which similarly recommends denial of Thomas's request for injunctive relief, as set forth below.

## Background

Three types of Bivens claims for damages have been allowed to proceed against the only defendants remaining in this case, Joey Paul and M. Vigneault:  (1) claims asserting violations of plaintiff's Fifth Amendment right to equal protection relating to Thomas's prison laundry job; (2) claims that Paul and Vigneault retaliated against Thomas for exercising his First

---

[2]Thomas's renewed request for counsel, set forth in his Objection to the August 10 R&R (doc. no. 30) is the subject of a separate Order issued this date.

2

Amendment right to grieve issues of race discrimination relating to the prison laundry job; and (3) claims of First Amendment violations, asserting that Paul and Vigneault threatened to fire plaintiff unless he lied to inspectors and auditors about conditions and practices in the prison laundry.  See generally May 16, 2016, R&R (doc. no. 5), approved by July 13, 2016, Order (doc. no. 11).

The claims upon which plaintiff seeks preliminary injunctive relief are new claims, not yet added to this case, alleging that third party prison officials have retaliated against plaintiff for maintaining this lawsuit.  See, e.g., Doc. Nos. 18-19 and 28.  Thomas seeks to enjoin those prison officials from keeping Thomas in SHU at FCI-Berlin and from transferring him to a higher security prison.[3]  See Doc. Nos. 18, 30.  Plaintiff alleges that disciplinary charges against him, which resulted in a finding of guilty and a loss of good time, were false, and that the proceedings on those charges, his

---

[3] In the August 10 R&R, at p.2, n.2, this court concluded from the record then before the court that plaintiff had been released from solitary confinement.  It is now clear from the record, as supplemented by Document Nos. 28 and 30, that plaintiff remains in administrative detention in SHU and has been subject to solitary confinement conditions, including limited law library access and only one hour of out-of-cell time per day, since June 28, 2016.  See Doc. No. 30, at 1-2.

continued placement in SHU in solitary confinement conditions, and the threatened prison transfer, are actions taken in retaliation for his refusal to drop this case.  See August 10 R&R, at 2.  Plaintiff seeks to enjoin the threatened transfer and his continued confinement in SHU, so that he may be released into the general population at FCI-Berlin while this lawsuit is pending.  See Doc. No. 28; Doc. No. 30, at 8.

### Preliminary Injunction Standard

To obtain a preliminary injunction, a plaintiff must establish a likelihood of success on the merits, irreparable harm in the absence of preliminary relief, a showing that the balance of equities tips in plaintiff's favor, and a showing that an injunction is in the public interest.  Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015).  "'[T]he sine qua non of this . . . inquiry is likelihood of success on the merits: if the moving party cannot demonstrate'" that likelihood, "'the remaining factors become matters of idle curiosity.'"  Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (citation omitted).  The burden of proof on a motion for preliminary injunction is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (2006).

**Discussion**

None of the claims upon which plaintiff seeks preliminary injunctive relief are properly added to this case at this time. An inmate cannot proceed on a Bivens claims relating to retaliatory disciplinary proceedings and transfers unless he first exhausts all available administrative remedies. See 42 U.S.C. § 1997e(a) ("PLRA"); Acosta v. U.S. Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006); Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Oladukun v. Winn, No. 04-40198-RWZ, 2005 U.S. Dist. LEXIS 17046, at *9, 2005 WL 1972560 (D. Mass. Aug. 16, 2005); see also Porter v. Nussle, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life"). Claims added to a lawsuit before the inmate has exhausted available remedies for such claims are subject to dismissal, and a motion for leave to supplement an ongoing case with such claims is properly denied. See Acosta, 445 F.3d at 514; Medina-Claudio, 292 F.3d at 36. Plaintiff has not exhausted his administrative remedies on any of the retaliation claims upon which he might base his requests for injunctive relief. See Doc. No. 30, at 4-6; Decl. of Cheryl Magnusson ¶ 8 (doc. no. 21, at 2).

The PLRA admits of only one exception to the exhaustion

requirement, in that "[a] prisoner need not exhaust remedies if they are not 'available.'" Ross v. Blake, 136 S. Ct. 1850, 1855 (2016) (citing PLRA). Plaintiff has not asserted that Federal Bureau of Prisons ("BOP") administrative remedies are unavailable. Indeed, plaintiff has asserted that he is in the process of exhausting BOP remedies, but anticipates that the process may take up to two years to complete, during which he anticipates he may be transferred to a high security facility. See Doc. No. 30, at 4-6. The mere fact that plaintiff may be transferred to a new BOP facility does not render the BOP grievance process unavailable to him. See Mowry v. Knight, No. CV 13-2053-PHX-SMM (MEA), 2014 U.S. Dist. LEXIS 169333, at *23, 2014 WL 6885360, at *7 (D. Ariz. Dec. 8, 2014) (transfer to different prison or unit within same department of corrections does not generally render grievance procedure unavailable). Nothing in the record provides grounds for finding the PLRA exhaustion requirement to be inapplicable to plaintiff's circumstances.

Plaintiff has failed to show a likelihood of success on the potential retaliation claims underlying his request for preliminary injunctive relief, in that those claims have not been added to this case, and until plaintiff exhausts BOP

administrative remedies, those claims should not be allowed to proceed. Accordingly, plaintiff's request for a preliminary injunction should be denied.

## Conclusion

The district judge should deny plaintiff's request for preliminary injunctive relief, seeking to stop a prison transfer and to obtain release from SHU, as set forth in Document Nos. 12, 18, 19, 28, and 30. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

September 21, 2016

cc:  Oliver Thomas, pro se
     Terry Ollila, Esq.