UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Oliver Thomas

    v.                                        Civil No. 16-cv-12-SM

Joey Paul and M. Vigneault

### REPORT AND RECOMMENDATION

Plaintiff Oliver Thomas, in this Bivens action,[1] is suing two Federal Correctional Institution ("FCI Berlin") correctional officers for violating his Fifth Amendment right to equal protection (Count I) and his First Amendment rights to petition the government (Count II) and to free speech (Count III). Before the court is defendants' motion to dismiss (Doc. No. 45). Plaintiff objects.

### Background

At all times relevant to this matter, Thomas was an inmate at FCI Berlin. In Count I, Thomas asserts that defendants violated his Fifth Amendment right to equal protection by discriminating against him on the basis of his race in three

---

[1] See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

different ways.[2]  In Count II, he asserts that defendants violated his First Amendment right to petition the government for a redress of grievances by firing him from his job in the FCI Berlin laundry in retaliation for his stated intention to report them to prison officials for allegedly subjecting him to sexually-charged and racially-discriminatory behavior.  In Count III, he asserts that defendants: (1) twice directed him to lie to prison officials and outside auditors during inspections, to hide improper practices taking place under their supervision; and (2) threatened to fire him from his prison job if he did not lie as instructed.  As for the content of the speech at issue, Thomas alleges that he was directed to tell inspectors and FCI Berlin officials that he cleaned out dryer vents more often than he actually did, and that the laundry no longer used an unauthorized, unlabeled chemical when, in fact, the chemical was still in use.  See Compl. (Doc. No. 1) ¶¶ 16-17.

---

[2] Thomas claims that defendants: (1) fired him from his job in the prison laundry because of his race; (2) paid him less than they paid white inmates and/or denied him bonuses that were afforded to white inmates with a lower pay grade than his; and (3) demoted him so that his work assignment could be given to a white inmate.

**Discussion**

Defendants move to dismiss Counts I and II on grounds that plaintiff has failed to exhaust administrative remedies available to him to resolve the issues on which those claims are based. They move to dismiss Count III, contending that it fails to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

I.  **Standard**

In ruling on a motion to dismiss under Rule 12(b)(6), the court must consider whether the factual content in the complaint, and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In doing so, the court disregards any legal conclusions. Hernandez-Cuevas, 723 F.3d at 102-03. The court is generally limited to considering "'facts and documents that are part of or incorporated into the complaint,'" as well as "'documents incorporated by reference . . . , matters of public record, and other matters susceptible to judicial notice.'" Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted). As petitioner is proceeding pro se in this

action, the court must construe the pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II.  Counts I and II

Defendants move to dismiss Counts I and II because they argue Thomas has not satisfied the exhaustion requirement imposed by the Prison Litigation Reform Act of 1995.  See 42 U.S.C. § 1997e(a).  The failure to exhaust is an affirmative defense.  See Ramos v. Patenaude, 640 F.3d 485, 488 (1st Cir. 2011).  An affirmative defenses may properly be the subject of a motion to dismiss if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense.  See Gray v. Evercore Restructuring LLC, 544 F.3d 320, 324 (1st Cir. 2008).

Here, defendants support their motion to dismiss with an affidavit that is, in turn, supported by six separate attachments.  Defendants have not shown that PLRA exhaustion is an issue properly decided on a motion to dismiss.  Accordingly, the district judge should deny the motion to dismiss (Doc. No. 45) as to Counts I and II, without prejudice to defendants' ability to file a motion for summary judgment based on exhaustion.

### III. Count III

Count III is Thomas's claim that defendants violated his First Amendment rights by threatening to fire him from his prison job if he did not lie to prison officials and outside auditors about improper practices at FCI Berlin. To state a claim of retaliation for the exercise of free speech, an inmate must allege: "'(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" Cossette v. Poulin, 573 F. Supp. 2d 456, 459 (D.N.H. 2008) (footnote and citations omitted).

Defendants' motion to dismiss focuses on the first element, whether the speech at issue was protected.[3] Analogizing plaintiff's prison laundry job with that of a public employee, defendants argue that the speech at issue concerned only a matter of personal interest and did not pass the public concern

---

[3] Defendants do not argue that the threatened firing of plaintiff was not an adverse act. Cf. Schleig v. Borough of Nazareth, No. 16-3499, 2017 WL 2591408, at *4, 2017 U.S. App. LEXIS 10637, at *8 (3d Cir. June 15, 2017) ("the threat of dismissal, depending on its clarity and credibility, can form the basis for a claim of retaliation in violation of the First Amendment" (citing Pickering v. Bd. of Educ., 391 U.S. 563, 574 (1968)).

test: "A public employee . . . 'has no First Amendment cause of action based on his or her employer's reaction to the speech' unless 'the employee spoke as a citizen on a matter of public concern.'" Id. at 460 (footnote omitted) (quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)). Whether "speech addresses a matter of public concern" is a question of law that "must be determined by the content, form, and context of a given statement, as revealed by the whole record." Connick v. Myers, 461 U.S. 138, 147–48 (1983) (footnote omitted).

　　Defendants are mistaken in contending that plaintiff's speech was not protected. In the first place, it is not clear that the "public concern" test limits the type of inmate speech that is protected under the First Amendment. Cf. Bridges v. Gilbert, 557 F.3d 541, 551 (7th Cir. 2009) ("a prisoner's speech can be protected even when it does not involve a matter of public concern" (footnote omitted)). Moreover, even if the court were to assume that the public concern applies, Thomas alleges that his inhibited speech concerned two threats to safety in the prison laundry, which are matters of public concern, i.e., infrequent cleaning of dryer vents and the use of an unauthorized chemical. The context manifests that the speech addressed a matter of public concern. Thomas alleges that some

6

of the people he was told to mislead were inspectors from outside the prison. In short, the speech at issue was protected by the First Amendment. Consequently, as to Count III, defendants' motion to dismiss (Doc. No. 45) should be denied.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss (Doc. No. 45) should be denied. As to Counts I and II, the district judge should deny that motion (Doc. No. 45) without prejudice to defendants' ability to move for summary judgment on PLRA exhaustion.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file specific written objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 21, 2017

cc: Oliver Thomas, pro se
    Terry L. Ollila, Esq.